**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DANIEL KURNIAWAN, | No. 08-74798 |
| Petitioner, | Agency No. A099-740-275 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 17, 2012[**]

Before:     LEAVY, TALLMAN, and CALLAHAN, Circuit Judges.

Daniel Kurniawan, a native and citizen of Indonesia, petitions for review of

the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum and withholding

of removal.  We have jurisdiction under 8 U.S.C. § 1252.  We review for

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

substantial evidence factual findings. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny the petition for review.

The record does not compel the conclusion that Kurniawan's experiences of mistreatment, including incidents of robbery and assault, rose to the level of persecution. *See id.* at 1059-60 ("discriminatory mistreatment" of Indonesian Chinese Christian, including beatings and robberies and being accosted by a hostile mob, did not compel a finding of past persecution); *Nagoulko v. INS*, 333 F.3d 1012, 1016-18 (9th Cir. 2003) (finding it "significant" in circumstances of case that petitioner "never suffered any significant physical violence" and concluding record did not compel a finding of past persecution). Further, substantial evidence supports the agency's conclusion that Kurniawan failed to establish an individualized risk of persecution, even under disfavored-group analysis. *See Halim v. Holder*, 590 F.3d 971, 979 (9th Cir. 2009) (petitioner failed to show he was individually targeted or likely to be individually targeted where he "failed to offer any evidence that distinguishes his exposure from those of all other ethnic Chinese Indonesians"); *cf. Sael v. Ashcroft*, 386 F.3d 922, 927-29 (9th Cir. 2004). Accordingly, Kurniawan's asylum claim fails.

08-74798

Because Kurniawan failed to meet the lower standard of proof for asylum, his claim for withholding of removal necessarily fails.  *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

**PETITION FOR REVIEW DENIED.**